1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   TIMOTHY LEROY WILLIAMS,                        Case No. 2:14-CV-1605 JCM (PAL)

8                              Plaintiff(s),                        ORDER

9              v.

10   STATE OF NEVADA, et al.,

11                              Defendant(s).

12

13          Presently before the court is defendant State of Nevada's motion for summary judgment.

14   (ECF No. 15). Plaintiff Timothy L. Williams filed a response. (ECF No. 17). Defendant filed reply.

15   (ECF No. 18).

16   **I.    Background**

17          Plaintiff, who is a prisoner in the custody of the Nevada department of corrections

18   ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF

19   No. 10). Plaintiff alleges the following: On May 19, 2014, plaintiff was working in the SDCC

20   culinary unit. (ECF No. 8 at 10). As part of his assigned duties, he set up the serving line, which

21   was a one-person job. (Id.). While working that day, plaintiff experienced a sharp pain in his right

22   groin while lifting a water dispenser from the floor to the counter. (Id.). Plaintiff continued

23   working, but the pain resumed four hours later. (Id.).

24          Plaintiff reported the pain to prison staff and asked to have medical notified. (Id.). Plaintiff

25   then requested medical on his own. (Id.). On May 28, 2014, plaintiff saw Dr. Sanchez, who

26   diagnosed plaintiff with a hernia. (Id. at 10-11). Plaintiff submitted a classification for "medical

27   light duty," was given a support brace, and was sent back to work with the medical instruction

28   paperwork. (Id. at 11). On May 30, 2014, a prison official informed plaintiff that due to his medical

**James C. Mahan**
**U.S. District Judge**

light duty classification, he could no longer work in the culinary. (Id.). Later, plaintiff was informed that the only employment opportunity available in that classification was "unit porter." (Id.).

Plaintiff filed an informal grievance regarding the prison work-induced hernia and requesting workplace accommodations. (ECF No. 17 "Exhibit A-1"). The informal grievance was denied June 4, 2014, because plaintiff did not state a remedy. (*Id*). After remedying the procedural issue, plaintiff correctly filed a new informal grievance and received a response on June 20, 2014. (*Id.* at "Exhibit A-2"). Before filing a first-level grievance, plaintiff filed suit in this court on September 19, 2014. (ECF No. 1-1). Plaintiff then filed a first-level grievance and received a response on September 25, 2014. (*Id.* at "Exhibit A-3"). The same day, plaintiff filed a second-level grievance. (*Id*. at "Exhibit A-7"). Plaintiff's grievance was officially denied March 9, 2015. *Id.*

## II.    Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed

James C. Mahan
U.S. District Judge

to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   Discussion

Defendant's motion for summary judgment makes two arguments: (1) plaintiff has failed to exhaust administrative remedies and (2) plaintiff has waived his claim for ADA accommodation by estoppel. Plaintiff responds that he exhausted administrative remedies when his second-level grievance was denied.  He further alleges that the amended complaint restarts the pleading process,

James C. Mahan
U.S. District Judge

- 3 -

precluding the "failure to exhaust administrative remedies" affirmative defense.  Plaintiff also contests defendant's argument that his remedy has changed throughout the proceedings.

The Prison Litigation Reform Act ("PLRA") requires that inmates fully exhaust grievance opportunities through the prison's administrative process before filing an action. 42 U.S.C. § 1997e(a). The administrative remedies a prisoner must exhaust are defined by the prison grievance process itself, not the PLRA. *Jones*, 549 U.S. at 218 (2007).

Nevada's formal inmate grievance process has three levels. NEV. DEP'T OF CORRECTIONS ADMIN. REG.: INMATE GRIEVANCE PROCEDURE, ADR 740. Each level requires that the inmate clearly detail the claim and remedy sought. *Id.*

The process requires an inmate to first file an informal grievance after failing to resolve the issue outside of the prison process. *Id.* at 740.04. The inspector general's office has ninety days to respond. *Id.* Second, an inmate must file a first-level grievance. *Id.* at 740.05. The warden must respond within forty-five days. *Id.* at 740.06.

Third, an inmate must file a second-level grievance. *Id.* at 740.07.The warden must respond to a second-level grievance within sixty days. *Id.* A prisoner has exhausted his administrative remedies only after he has completed the three-level grievance process.

Failure to exhaust administrative remedies is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Exhaustion must occur *prior* to filing suit, not during the suit's pendency. *McKinney v. Carey*, 311 F.3d 1198, 199-1201 (9th Cir. 2002). Additionally, NRS 41.0322 requires prison inmates exhaust their administrative remedies prior to filing suit, which, pursuant to NRS 209. 243, must be filed within six months of the date of the alleged injury.

Defendant demonstrates that it is entitled to summary judgement as a matter of law because plaintiff failed to exhaust the formal prison grievance process. Defendant presents evidence that shows the plaintiff filed suit in federal court on September 19, 2014, several days before he received a response to his first-level grievance or even filed a second-level grievance. (ECF No. 15-5).

Plaintiff's evidence is consistent with this timeline. Plaintiff attaches formal grievances and responses, which show that he filed suit before exhausting his administrative remedies. (ECF No.

James C. Mahan
U.S. District Judge

- 4 -

17-7). There is thus no genuine issue of material fact with respect to plaintiff's failure to exhaust administrative remedies before filing suit.

Showing administrative relief existed does not support summary judgment, however, if relief was unattainable. *Id.* When a plaintiff asserts this argument, the burden then shifts to the plaintiff to show the relief he sought was made generally unavailable to him by "showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir.1996). Plaintiff fails to convey that here.

Plaintiff argues that administrative relief was unattainable, but fails to demonstrate it. While plaintiff argues his initial attempts to resolve the grievance were difficult to complete, he does not show the remedies were unattainable. In fact, defendant presents evidence that it gave plaintiff advice on how to cure deficiencies in the grievance. (ECF No. 17-2). This shows administrative remedies were attainable, had plaintiff followed the procedure. Plaintiff has not met the sufficiently shown the remedies were unattainable. Thus, summary judgment is appropriate.

Plaintiff also argues that the amended complaint was filed after the response to the second-level grievance. However, while an amended complaint does supersede the initial pleading, it does not change the date on which the action was commenced. *Sandpiper Management, LLC v. JP Morgan Chase & Co.*, 2010 WL 4055567 (S.D. CA. 2010) (rejecting a defendant's argument that an amended complaint determined the commencement date). Further, § 1997e(a) does not require exhaustion of administrative remedies before a complaint is filed, but instead before an action is commenced. "[N]o action shall be brought with respect to prison conditions ... until such administrative remedies as are available are exhausted." *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002). Thus, the date the amended complaint was filed is irrelevant to whether plaintiff commenced the action before exhausting administrative remedies.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.     Conclusion**

Defendant has demonstrated that plaintiff failed to exhaust the administrative remedies required by the Prison Litigation Reform Act. Summary judgment in defendant's favor is therefore appropriate.[1]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant state of Nevada's motion for summary judgment (ECF No. 15) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that defendant State of Nevada shall submit an appropriate proposed judgment within seven days of this order.

DATED June 15, 2016.

UNITED STATES DISTRICT JUDGE

---

[1] Having granted summary judgment based on defendant's exhaustion argument, the court will not consider defendant's waiver by estoppel argument.

James C. Mahan
U.S. District Judge

- 6 -